IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

U.S. WEST COMMUNICATIONS, INC.,
a Colorado corporation,

     Plaintiff,

vs.                                         Civ. No. 97-0539 JC/WWD

ERIC SERNA, JEROME BLOCK, and GLORIA
TRISTANI, Commissioners of the New Mexico
State Corporation Commission; and AT&T
COMMUNICATIONS OF THE MOUNTAIN
STATES, INC., a New York corporation.

### MEMORANDUM OPINION AND ORDER

     THIS MATTER comes before the Court upon plaintiff's Motion for Stay, filed November 17, 1997 [31-1]. Plaintiff ("U.S.West") seeks a stay of a provision in an arbitration order entered by the State Corporation Commission, pending judicial review of the underlying claims. Defendants[1] oppose the request on the basis of lack of jurisdiction and also that U.S.West cannot show that it is entitled to injunctive relief afforded by the stay.

     The underlying complaint alleges violations of the Telecommunications Act of 1996, Pub.L.No.104, 110 Stat.56 (1996), 47 U.S.C. §§ 151-614 ("Telecommunications Act") in connection with the arbitration of the rates, terms and conditions of interconnection of telecommunications carriers. What has provoked the instant motion is a provision in the Findings of Fact, Conclusions of Law and Order ("Arbitration Order") entered on March 20, 1997 by the

---

[1] The Commission defendants have filed a response brief separately from the AT&T defendants. I will refer to both groups of defendants collectively unless addressing arguments raised separately.

New Mexico State Corporation Commission.  The provision, ¶ 245 (see also ¶ 3 at 71) of the Arbitration Order, orders U.S.West to provide AT&T with the precise locations and unused capacity in New Mexico of its "dark fiber" within 45 days of the date the Order was entered.[2]  Plaintiff requests a stay of this disclosure requirement pending judicial review.  For reasons given below, I deny the request.

The Telecommunications Act imposes obligations on local exchange carriers in order to foster competition in the long-distance market, e.g., a duty to negotiate, to provide interconnection, dialing parity and access to rights-of-way.  See 47 U.S.C. § 251.   The Act also requires compulsory arbitration requirements where the parties are unable to enter into voluntary negotiations. § 252(a).  In this case, AT&T petitioned the Commission for arbitration of a proposed interconnection agreement with plaintiff, from which the Arbitration Order ultimately resulted.

The Act also limits judicial review of State commission actions.[3]  In the underlying case, parties disagree over whether the Arbitration Order as it stands, prior to a finalized agreement, constitutes a "determination" under the Act in order to allow federal district court jurisdiction

---

[2] The paragraph literally reads that U.S. West is to "provide AT&T, within 45 days of the effective date of this Order, with maps and other data sufficient to indicate the precise location and currently unused extent of capacity of U.S.West's dark fiber in New Mexico."  "Dark fiber" is defined in the Order as "fiber installed under a cable sheath that is not currently connected to the electronics that make it functional."  Arb. Ord. ¶ 235.

[3] The pertinent part of the statute reads:  "In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section." § 252(e)(6).

over plaintiff's claims.[4]  In pending motions to dismiss, both defendants have raised various jurisdictional defenses [see docket entries 7, 13].  U.S.West attempts to sidestep the jurisdictional issue by presenting the motion for a stay as standing on its own legal footing.  Plaintiff points out that the "dark fiber" disclosure requirement differs from all other provisions in the Arbitration Order because it takes immediate effect instead of becoming effective upon approval of an interconnection agreement.  Mem. at 6.  However, the fact that the disclosure requirement has immediate effect does not by itself impart jurisdictional authority to this Court, when it is part of an Order (albeit a small part in relation to the whole) over which subject matter jurisdiction has not yet been determined to exist and over which jurisdiction must be confined to narrow statutory parameters.

U.S.West also believes that its ability to enter as a competitor in the long-distance market will be harmed by the "dark fiber" disclosure requirement.[5]  Plaintiff maintains that because the Act does not specify a deadline by which an interconnection agreement must be finalized, § 252(e)(1), AT&T benefits by delaying its completion in that U.S.West is prevented from competing in the market [6] while at the same time required to disclose to AT&T information which it has alleged to be of a competitively sensitive nature.  See Mem. at 10-11.  Under this approach,

---

[4]  Plaintiff acknowledges that an interconnection agreement has not yet been finalized. Mem. at 2-3.

[5]  U.S.West also filed a motion for a stay of the disclosure provision before the SCC, which was denied on September 5, 1997.

[6]  U.S.West cannot enter the long-distance market until it has completed an agreement to provide requesting competitors with access and interconnection to its network facility.  47 U.S.C. § 271(c)

U.S.West argues that the circumstances meet the requirements for injunctive relief.[7]

However, plaintiff seeks to stay the enforcement of an order entered in another forum, apparently simply assuming that subject matter jurisdiction exists.[8]  See Knopp v. MaGaw, 9 F.3d 1478, 1479 (10th Cir. 1993) ("subject matter jurisdiction must attach before the court may exercise its equitable powers").  This threshold question has not yet been determined by the district judge in this case.  Further, the fact that the briefs of both the Commission defendants and AT&T defendants oppose the granting of injunctive relief on non-jurisdictional grounds does not waive this potential defect.[9]  Mineral Resources Intern. v. U.S. Dept. of Health and Human Services, 53 F.3d 305, 306 (10th Cir. 1995).

Cases relied on by plaintiff where courts granted injunctive relief are inapposite to the present situation because subject matter jurisdiction was not an issue in any of those cases.  The case most closely analogous with the set of facts before the Court is Iowa Utilities Bd v. FCC et al., 109 F.3d 418 (8th Cir. 1996), where petitioners objected to certain of the FCC's regulations pertaining to the Telecommunications Act, which requires the FCC to participate in the Act's implementation.  Even here, however, the action did not involve review of a State commission's

---

[7] To obtain a preliminary injunction, the moving party must establish that (1) the moving party will suffer irreparable injury unless the injunction issues;  (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest;  and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.  Resolution Trust Corp., 972 F.2d 1195, 1198 (10th Cir. 1992) (citations omitted).

[8] On August 29, 1997, discovery was stayed in this case.  See Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988) (court has jurisdiction to stay its own proceedings); Fed.R.Civ.P.26(c).

[9] The Commission defendants also adopt the same jurisdictional defenses against the motion for stay as against the underlying substantive claims.  Comm'n Defts' Resp. at 3.

determination - - in fact, the state utilities commission was one of the petitioners.

The allegations in the complaint relate in large part to the requirements imposed on U.S.West by the March 20th Arbitration Order, of which the "dark fiber" disclosure requirement is just one of many. <u>Compl</u>, ¶¶ 33-39. Thus, granting plaintiff's request for stay of one of the Order's provisions would be tantamount to granting partial relief on the underlying merits, relief which would not be forthcoming in any degree without first having made a determination on the prerequisite subject matter jurisdiction. It would thus allow plaintiff to accomplish indirectly what there is at present a question about plaintiff being able to do at all.

**WHEREFORE,**

**IT IS ORDERED** that plaintiff's Motion for Stay [31-1] be, and it is hereby, **denied**.

_____
UNITED STATES MAGISTRATE JUDGE

5